OPINION
PER CURIAM.
Keven Wyrick, an inmate at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania, appeals the District Court’s order dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Because the appeal does not present a substantial question, we will sum *733 marily affirm. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.
I.
In November 1996, a Western District of Missouri jury convicted Wyrick of murder in furtherance of a continuing criminal enterprise (“CCE”) and conspiracy to distribute marijuana. In May 1997, the court sentenced him to life imprisonment. The Eighth Circuit affirmed his conviction and sentence on direct appeal, see United States v. Moore, 149 F.3d 773 (8th Cir.1998), and the Supreme Court denied certiorari. See Wyrick v. United States, 525 U.S. 1082, 119 S.Ct. 826, 142 L.Ed.2d 684 (1999).
In January 2000, Wyrick moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Western District of Missouri ultimately denied the motion, and the Eighth Circuit declined to issue a certificate of appealability. Wyrick states that he later filed an ultimately unsuccessful 28 U.S.C. § 2241 petition for a writ of habeas corpus in the Western District of Louisiana.[1]
In October 2008, Wyrick filed the instant § 2241 petition in the Middle District of Pennsylvania. The petition alleged that his trial counsel was ineffective for failing to object to: (1) “the duplicitous Count III allowing a verdict on competing theories and violating his due process of law”; (2) the trial court’s incorrect jury instruction regarding the reasonable doubt standard; and (3) “the prosecutor’s improper vouching for cooperating witness credibility.”
The District Court referred the petition to a Magistrate Judge, who issued a report recommending that the court dismiss the petition because Wyrick had not demonstrated that § 2255 provided an inadequate or ineffective remedy for his claims. The District Court adopted this recommendation and dismissed the petition. Wyrick now appeals the District Court’s judgment.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court’s dismissal of Wyrick’s § 2241 petition. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir.2002).
A § 2255 motion is “the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution.” Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002). A petitioner can seek relief under § 2241 only if § 2255 is “inadequate or ineffective” to test the legality of his detention. See 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. Section 2255 is inadequate or ineffective only in rare circumstances, such as when an intervening Supreme Court decision decriminalizes the conduct for which a petitioner had been convicted. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245 (3d Cir.1997)).
We agree with the District Court that Wyrick failed to show that § 2255 is inadequate or ineffective to test the legality of *734 his detention. Wyrick could have raised each of his § 2241 claims in his original § 2255 motion. That he failed to do so does not render the remedy afforded by § 2255 inadequate or ineffective.
Because this appeal does not present a substantial question, we will summarily affirm the District Court’s order dismissing Wyrick’s § 2241 petition. See 8d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

. Although not mentioned by Wyrick here, the Magistrate Judge's report in the Western District of Louisiana proceeding noted that Wyrick attempted to challenge his conviction on at least two other occasions. In September 2002, Wyrick, who at the time was incarcerated at the United States Penitentiary in Leavenworth, Kansas, filed a § 2241 petition in the District of Kansas. In July 2004, the court dismissed the petition because Wyrick failed to establish that § 2255 provided an inadequate or ineffective remedy for his claims. The Tenth Circuit affirmed that judgment on appeal. In December 2005, Wyrick sought permission from the Eighth Circuit to file a second or successive § 2255 motion, which the court ultimately denied.